GUY, J., delivered the opinion of the court in which GRIFFIN, J., joined. CLAY, J. (pp. 597-601), delivered a separate dissenting opinion.
OPINION
RALPH B. GUY, JR., Circuit Judge.
Plaintiffs in this Employee Retirement Income Security Act (ERISA) contribution action appeal the district court’s order granting defendants summary judgment. We hold that the National Labor Relations Board’s jurisdictional award precludes plaintiffs’ ERISA claims, and therefore affirm.
I.
Defendant employers are signatories to collective bargaining agreements (“CBAs”) with plaintiff funds’ union, Operating Engineers (“Operators”). The CBAs provided that “the Employer shall employ Operating Engineers for the erection, operation, *594 assembly and disassembly, and maintenance and repair of ... Forklifts, Skids-teers ... [which] shall be the work of the Operating Engineers (only applies to in-house crew), and within the jurisdiction as assigned to the Union by the American Federation of Labor.” The CBAs further stated, “[i]f the Employer assigns any piece of equipment to someone other than the Operating Engineer, the Employer’s penalty shall be to pay the first qualified registered applicant the applicable wages and fringe benefits from the first day of violation.” Defendants’ CBA with another union, Laborers International (“Laborers”), provided that “operation of forklifts ... [and] skid-steer loaders ... shall be the work of the laborer.” Defendants’ CBAs with Operators and Laborers thus set out conflicting assignments for the same work.
Defendants assigned the disputed work to Laborers. In response, Operators filed pay-in-lieu grievances and threatened to strike. Defendants sought a jurisdictional determination by the NLRB under the National Labor Relations Act (NLRA) § lO(k).[1] The NLRB noted that defendants had assigned forklift and skidsteer work to Laborers for 15 to 26 years, and thus found no merit in Operators’ work-preservation claims, instead characterizing them as attempts at work acquisition. Operating Engineers, Local 18, 360 NLRB No. 113, slip op. at *6 (2014). The NLRB further found that Operators’ ongoing filing of pay-in-lieu grievances and threats to strike constituted unfair labor practices under NLRA § 8(b)(4).[2] Id. at *5, *7-8. As to the jurisdictional dispute, the NLRB considered the relevant factors and ruled that Laborers were entitled to perform the work. Id. at *8-10.
While awaiting the NLRB’s decision, plaintiffs filed a complaint under ERISA § 515[3] seeking payment of contributions defendant allegedly owed under the CBAs, access to audit defendants’ records, interest, costs, and injunctive relief. The NLRB *595 intervened. Defendants sought a stay of plaintiffs’ claims pending the NLRB’s § 10(k) ruling, which the district court granted. Following the NLRB’s ruling, the parties filed motions for summary judgment. The NLRB also moved for summary judgment, arguing that its jurisdictional award was dispositive of, and precluded, plaintiffs’ CBA claims. The district court agreed and held that the NLRB’s jurisdictional award was a defense and bar to plaintiffs’ claims. Plaintiffs appeal.
II.
This court reviews the district court’s ruling on summary judgment de novo. Therma-Scan, Inc. v. Thermoscan, Inc., 295 F.3d 623, 629 (6th Cir. 2002). Summary judgment is appropriate where there is no genuine issue of material fact and the movant is “entitled to judgment as a matter of law.” Fed. R. Civ. P. 56(a). We take the evidence, and any inferences therefrom, in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
III.
Plaintiffs argue that § 515 obligates defendants to make contributions to Operators’ funds despite lawful assignment of the disputed work to Laborers pursuant to the NLRB’s § 10(k) award. Plaintiffs are correct that, standing alone, an award of benefits causing an employer to double pay “would not be sufficient to relieve the employer of its contractual obligation to make contributions to the ERISA funds.” Tr. of B.AC. Local 32 Ins. Fund v. Ohio Ceiling and Partition Co., Inc., 48 Fed.Appx. 188, 196-97 (6th Cir. 2002). Ohio Ceiling, however, did not involve a § 10(k) determination. At issue is whether a conflicting jurisdictional award would render defendants’ contribution obligations “inconsistent with law” under § 515.
Every court to consider conflicts between § 10(k) determinations and other labor laws has held that jurisdictional awards prevail, and may preclude inconsistent claims. In Carey v. Westinghouse Elec. Corp., the Supreme Court recognized that “[t]he superior authority of the [NLRB] ” to decide jurisdictional disputes “may be invoked [by the employer] at any time” to avoid arbitrating conflicting contract claims. 375 U.S. 261, 272, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964). We have held that a § 10(k) determination “takes precedence over a contrary arbitrator’s award” stemming from a CBA and precludes conflicting actions under the Labor Management Relations Act. UAW Local 1519 v. Rockwell Int’l Corp., 619 F.2d 580, 583-85 (6th Cir. 1980). The Third Circuit recognized that § 10(k) “would not be serving its intended purpose of preventing work disruption” if “the disappointed union could still seek a contractual remedy.” Local 30, United Slate Workers Ass’n v. NLRB, 1 F.3d 1419, 1428 (3d Cir. 1993). In the D.C. Circuit, a party “cannot force an employer to choose between a Board [§ ] 10(k) award and a squarely contrary contract claim.” Int’l Longshoremen’s and Warehousemen’s Union v. NLRB, 884 F.2d 1407, 1414 (D.C. Cir. 1989). The Ninth Circuit held that a party’s “attempt to obtain payment for work to which it is not entitled would, if successful, completely undermine the [§ ] 10(k) work assignment.” Int’l Longshoremen’s Union, Local 32 v. Pacific Maritime Ass’n, 773 F.2d 1012, 1015 (9th Cir. 1985).
Plaintiffs note that the Seventh Circuit has avoided § 10(k) — CBA conflicts by distinguishing between jurisdictional awards (i.e., work assignments) and payment for work. See Hutter Constr. v. Int’l Union of Operating Eng’rs, Local 139, 862 F.2d 641, *596 644-45 (7th Cir. 1988). That circuit has limited its singular position, however, to the unique context of subcontractor work assignments not at issue here. See Advance Cast Stone Co. v. Bridge Workers, Local Union No. 1, 376 F.3d 734, 742 (7th Cir. 2004). Plaintiffs nonetheless contend that we should adopt the work-versus-pay distinction and rule that a § 10(k) award does not bar a conflicting ERISA action seeking only plan contributions rather than work reassignment. Although we have only discussed this distinction in dicta, we suggested we would not likely subscribe to it. See Ohio Ceiling, 48 Fed.Appx. at 197 (“Rockwell suggests that this circuit would not adopt the distinction made by the court in Hutter.”). We agree with the Third Circuit’s view that “[t]he opportunity sought to perform labor is significant only as a means of obtaining compensation,” and any difference between performing the work and being paid for the work is thus “ephemeral.” Local 30, 1 F.3d at 1427.
The Supreme Court has acknowledged Congress’s intent in § 10(k) to protect employers from “the detrimental economic impact” of jurisdictional disputes. NLRB v. Plasterers’ Local Union No. 79, 404 U.S. 116, 130, 92 S.Ct. 360, 30 L.Ed.2d 312 (1971); see also M & G Polymers USA, LLC v. Tackett, — U.S. —, 135 S.Ct. 926, 933, 190 L.Ed.2d 809 (2015) (courts must “interpret collective-bargaining agreements, including those establishing ERISA plans, according to ordinary principles of contract law, at least when those principles are not inconsistent with federal labor policy.” (emphasis supplied)). Federal labor policy seeks to reduce the potential for protracted jurisdictional conflicts by conclusively adjudicating them via § 10(k). See Local 30, 1 F.3d at 1428 (“[§ 10(k) ] proceedings are intended to ... prevent! ] work disruption by quickly and finally resolving jurisdictional disputes.”). If aggrieved parties are permitted to “recover damages for work awarded to another union in a [§ ] 10(k) proceeding, the policy underlying [§ 15]8(b)(4)(ii)(D) of protecting employers from the detrimental economic impact of jurisdictional disputes would be severely undermined.” Id. This would, in turn frustrate a central purpose of § 10(k) — the NLRB’s ability to conclusively resolve jurisdictional disputes — by pressuring employers to assign work in contravention of a § 10(k) award. See Longshoremen’s, 884 F.2d at 1414.
Plaintiffs lastly argue that the limitation of defenses to ERISA actions should compel this court to narrowly interpret § 10(k) awards to preclude any defense to a § 515 action. Plaintiffs are correct that defenses to ERISA collection actions are limited. See Laborers Pension Tr. Fund-Detroit & Vicinity v. Interior Exterior Specialists Constr. Grp., Inc., 394 Fed.Appx. 285, 289-90 (6th Cir. 2010). This does not mean that the interests served by § 10(k) must yield to those of § 515. Congress could have written § 515 to subordinate § 10(k) rulings to an employer’s obligation to contribute. It did not, and we do not ignore that fact. See Whitman v. American Trucking Ass’ns, 531 U.S. 457, 468, 121 S.Ct. 903, 149 L.Ed.2d 1 (2001) (“Congress ... does not, one might say, hide elephants in mou-seholes.”).
Congress did, however, explicitly provide an exception for employers’ contribution obligations in § 515 where they are “inconsistent with law.” To this end, in Kaiser Steel Corp. v. Mullins, the Supreme Court held that a federal court could entertain an employer’s defense to a § 515 action that a supplier-specific contribution provision was illegal under LMRA § 8(e). 455 U.S. 72, 86, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982). The Court noted that Congress “did not say that employers should be prevented from raising all de *597 fenses; rather they spoke in terms of ‘unrelated’ and ‘extraneous’ defenses.” Id. at 88, 102 S.Ct. 851 (quoting 126 Cong. Rec. 23039 (1980)). It strains credulity to argue that a jurisdictional award is unrelated or extraneous to an employer’s ERISA obligations where § 515 explicitly exempts from such obligations any payments “inconsistent with law.”
ERISA § 515 and NLRA § 10(k) respectively embody strong federal interests in fulfilling employers’ contribution obligations and in the finality of jurisdictional awards. But Congress placed significant emphasis on the latter, while excepting from the former any contributions “inconsistent with law.” Accordingly, we hold that the NLRB’s § 10(k) award precludes a conflicting § 515 action. The district court thus properly granted defendants summary judgment.
AFFIRMED.

. 29 U.S.C. § 160(k), Hearings on jurisdictional strikes, provides:
Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4)(D) of section 158(b) of this title, the Board is empowered and directed to hear and determine the dispute out of which such unfair labor practice shall have arisen, unless, within ten days after notice that such charge has been filed, the parties to such dispute submit to the Board satisfactory evidence that they have adjusted, or agreed upon methods for the voluntary adjustment of, the dispute. Upon compliance by the parties to the dispute with the decision of the Board or upon such voluntary adjustment of the dispute, such charge shall be dismissed.

. 29 U.S.C. § 158(b)(4) prohibits labor organizations from
... engaging] in, or ... inducting] or en-couragefing] any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) threatening], coercing], or restraining] any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is ... (D) forcing ... any employer to assign particular work to employees in a particular labor organization ... rather than to employees in another labor organization ... unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work....

.29 U.S.C. § 1145 provides:
Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.